

# NUMBER 13-07-00603-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LINDA GALLEGOS, CELIA G. RAMON,
AND MELISSA SALAIZ,                                        Appellants,

## v.

DR. TONE JOHNSON, JR., ET AL.,                            Appellees.

### On appeal from the 319th District Court of
### Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Appellants, Linda Gallegos, Celia G. Ramon, and Melissa Salaiz, appeal a summary

judgment granted in favor of appellees, Dr. Tone Johnson Jr.; Tone Johnson Jr., M.D. P.A.;

Complete Medical Care; Bay Area Care Center, Inc.; Medifast Weight Reduction Center;

Corpus Christi Regional Center for Addictions, Inc.; Corpus Christi Bay Management Group, Inc.; Coastal Cities, Inc.; and E&B Medical Association, P.A.[1] By four issues, which we categorize as two, appellants argue that the trial court erred by: (1) granting summary judgment even though material fact issues exist; and (2) holding that appellants failed to exhaust their administrative remedies before filing suit. We affirm, in part, and reverse and remand, in part.

## I. BACKGROUND

Gallegos, Ramon, and Salaiz began working with Dr. Johnson at Complete Medical Care in August 2003, April 2003, and May 2002, respectively. In complaints filed with the Corpus Christi Human Relations Commission ("CCHRC") and the Equal Employment Opportunity Commission ("EEOC") in January and February 2004, appellants each alleged that they were constructively discharged in October 2003.

Appellants filed their original petition against appellees on December 12, 2003, and their first amended petition on June 21, 2004. In their first amended petition, appellants asserted claims against appellees for: (1) wrongful discharge and retaliation under chapter 21 of the labor code, *see* TEX. LAB. CODE ANN. §§ 21.051-.106 (Vernon 2006); (2) hostile work environment and sexual harassment,[2] *see id.* § 21.051; (3) intentional infliction of

---

[1] E&B Medical Association, P.A. does business as Complete Medical Care; therefore, we will refer to the combined entity as Complete Medical Care.

[2] Sexual harassment is a form of sex discrimination prohibited by section 21.051 of the labor code. *See* TEX. LABOR CODE ANN. § 21.051 (Vernon 2006); *Syndex Corp. v. Dean*, 820 S.W.2d 869, 871 (Tex. App.–Austin 1991, writ denied) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986)); *see also Del Mar College Dist. v. Vela*, 218 S.W.3d 856, 860 (Tex. App.–Corpus Christi 2007, no pet.). Furthermore, the law recognizes two forms of sexual harassment claims: quid pro quo and hostile work environment. *Del Mar College Dist.*, 218 S.W.3d at 860 (citing *Garcia v. Schwab*, 967 S.W.2d 883, 885 (Tex. App.–Corpus Christi 1998, no pet.) (discussing hostile work environment as a form of sexual harassment); *Ewald v. Wornick Family Foods Corp.*, 878 S.W.2d 653, 659 (Tex. App.–Corpus Christi 1994, writ denied) (setting out the elements of a hostile work environment claim)).

emotional distress; (4) assault against Dr. Johnson individually and against the remaining appellees under agency theory; and (5) negligent supervision. Appellees answered with a general denial and asserted various affirmative defenses, including: (1) an assertion that several defendants were "non-employing" entities and that several entities that were sued are no longer in existence[3]; (2) appellants failed to exhaust their administrative remedies under chapter 21 of the labor code, *see id.* §§ 21.201-.211 (Vernon 2006); and (3) appellants' claims are time-barred.

On May 12, 2006, appellees filed a hybrid motion for summary judgment, advancing both traditional and no-evidence grounds. Appellants filed a response to appellees' summary judgment motions, supplied the trial court with affidavits and deposition tesitmony of Gallegos, Ramon, and Salaiz, and filed a motion for continuance requesting more time to complete discovery.[4] Appellees objected to appellants' response and moved the trial

---

[3] In particular, appellees noted that appellants were not employed at any time by "Dr. Tone Johnson, Tone Johnson, M.D.[,] P.A[.], Bay Area Care Center, Inc., Medifast Weight Reduction Center, Corpus Christi Regional Center for Addictions, Inc., Corpus Christi Bay Management Group, Inc., and Coastal Cities, Inc." Appellees further noted that Tone Johnson M.D., P.A. is a non-existent entity and Medifast Weight Reduction Center and Corpus Christi Bay Management are no longer in existence. Moreover, appellants, in their appellate brief, admit that they do not seek review of the summary judgment granted in favor of "Defendants/Appellees Tone Johnson [Jr.], M.D., P.A.[;] Bay Area Care Center, Inc.[;] Medifast Weight Reduction Center[;] Corpus Christi Regional Center for Addictions, Inc.[;] Corpus Christi Bay Management Group, Inc.[;] and Coastal Cities, Inc." because these entities "were not employers of Plaintiffs/Appellants."

[4] Appellees argue on appeal that appellants' response was untimely because it was allegedly filed less than seven days before the summary judgment hearing and appellants failed to file a motion for leave. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."). The record reflects that appellants filed their response in the trial court on May 31, 2006, yet the certificate of service indicates that appellees received notice of the response on May 30, 2006. The trial court's summary judgment order states that: "The Court, after considering Defendants' Motion and *Plaintiffs' reply thereto*, is of the opinion that Defendants' Motion has merit and should in all things be GRANTED." (Emphasis added.) Therefore, it is clear that the trial court considered appellants' response, and in doing so, the trial court ostensibly granted appellants leave to file their response. *See Speck v. First Evangelical Lutheran Church of Houston*, 235 S.W.3d 811, 815 (Tex. App.–Houston [1st Dist.] 2007, no pet.) ("Summary judgment evidence may be filed late, but only with leave of court. Where nothing appears in the record to indicate that the trial court granted leave to file the summary judgment response late, we presume that the trial court did not consider the response."); *see also Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996); *INA of Tex. v. Bryant*, 686 S.W.2d 614, 615 (Tex. 1985).

court to strike appellants' summary judgment evidence because appellants allegedly failed to direct the trial court to specific portions of the attached deposition testimony that may have created a fact issue and precluded summary judgment.

On June 5, 2006, the trial court conducted a hearing on appellees' motions for summary judgment and appellants' motion for continuance. Appellants' counsel was unable to personally attend the hearing, so the trial court arranged for him to make arguments telephonically. At that time, appellants re-urged their motion for continuance, which the trial court subsequently denied. After hearing arguments, the trial court took the matter under advisement.

On June 15, 2007, the trial court, after considering appellees' motions, appellants' response, and evidence submitted by both parties, granted appellees' motions for summary judgment without specifying a rationale and ordered that appellants take nothing.[5] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (holding that a summary judgment order is final and appealable if it (1) actually disposes of all claims and parties, or (2) clearly indicates the trial court's intent to render a final judgment). This appeal ensued.

## II. STANDARD OF REVIEW

The standard of review for the grant of a motion for summary judgment is determined by whether the motion was brought on no-evidence or traditional grounds. *See*

---

[5] Specifically, the trial court noted in its order that "the Motion[s] for Summary of Defendants is GRANTED . . . Plaintiff's causes of action against Defendants are hereby DISMISSED, and . . . Plaintiffs take nothing from defendants . . . ." Neither party argues that the trial court's judgment is not final; therefore, that issue is not before us. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) ("But if the language of the order is clear and unequivocal, it must be given effect despite any other indications that one or more parties did not intend for the judgment to be final. An express adjudication of all parties and claims is not interlocutory merely because the record does not afford a legal basis for the adjudication. In those circumstances, the order must be appealed and reversed.").

TEX. R. CIV. P. 166a(c), (i); *see also Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.). A no-evidence summary judgment is equivalent to a pre-trial directed verdict, and we apply the same legal sufficiency standard on review. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Ortega*, 97 S.W.3d at 772. In an appeal of a no-evidence summary judgment, we review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex. 2005) (noting that the review of a no-evidence motion for summary judgment is effectively restricted to the evidence contrary to the motion); *see Ortega*, 97 S.W.3d at 772. If the non-movant produces evidence to raise a genuine issue of material fact, summary judgment is improper. TEX. R. CIV. P. 166a(i).

In responding to the movant's no-evidence motion for summary judgment, all that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact. *See Ortega*, 97 S.W.3d at 772. "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion of a fact.'" *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). Conversely, more than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (citing *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 25 (Tex. 1994)). The burden of producing evidence is entirely on the non-movant; the movant has no burden to attach any evidence to the motion. TEX. R. CIV. P. 166a(i). Furthermore, we may not consider any evidence presented by the movant unless it creates a fact question. *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004); *Newkumet v. Allen*, 230 S.W.3d 518, 521 (Tex. App.–Eastland 2007, no pet.).

5

On the other hand, we review the trial court's granting of a traditional motion for summary judgment de novo. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.–Corpus Christi 2003, no pet.). When reviewing a traditional summary judgment, we must determine whether the movant met its burden to establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The movant bears the burden of proof in a traditional motion for summary judgment, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. We take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

We will affirm a traditional summary judgment only if the record establishes that the movant has conclusively proved its defense as a matter of law or if the movant has negated at least one essential element of the plaintiff's cause of action. *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *see Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Clear Creek Basin Auth.*, 589 S.W.2d at 678. A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller*, 168 S.W.3d at 816. Only when the movant has produced sufficient evidence to establish its right to summary judgment does the burden shift to the non-movant to come forward with competent controverting evidence raising a genuine issue of material fact with regard to the element

6

challenged by the defendant. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). A defendant seeking summary judgment on an affirmative defense must conclusively prove all the elements of the affirmative defense. *Steel*, 997 S.W.2d at 223; *see* TEX. R. CIV. P. 166a(b), (c). Thus, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996).

Furthermore, when the trial court's judgment does not specify which of several grounds proposed was dispositive, we affirm on any ground offered that has merit and was preserved for review. *See Joe v. Two Thirty Nine J.V.*, 145 S.W.3d 150, 157 (Tex. 2004).

### III. ANALYSIS

#### A. Appellants' Intentional Infliction of Emotional Distress Claims and Challenges to the Trial Court's Summary Judgment

At the outset of our analysis, we note that appellants admit in their appellate brief that they "do not seek review of the summary judgment in favor of Defendants/Appellees Tone Johnson, M.D., P.A., Bay Area Care Center, Inc., Medifast Weight Reduction Center, Corpus Christi Regional Center for Addictions, Inc., Corpus Christi Bay Management Group, Inc., and Coastal Cities, Inc." Therefore, we affirm summary judgment as to those defendants.[6] *See Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 875 (Tex. App.–Dallas 2005, no pet.) ("It is also possible to challenge a summary judgment by separate points of error, but a reviewing court will affirm the summary judgment as to a particular claim if an appellant does not present argument challenging all grounds on which the summary judgment could have been granted.") (citing *Malooly Bros., Inc. v. Napier*, 461

---

[6] As a result, the remaining parties are Dr. Johnson, individually, and Complete Medical Care.

S.W.2d 119, 121 (Tex. 1970); *Smith v. Tilton*, 3 S.W.3d 77, 83 (Tex. App.–Dallas 1999, no pet.)).

We further note that neither Dr. Johnson nor Complete Medical Care moved for summary judgment as to appellants' claims for intentional infliction of emotional distress. Therefore, without addressing the merits of appellants' intentional infliction of emotional distress claims, we conclude that the trial court erred in granting summary judgment in favor of appellees as to those claims. *See Wright v. Sydow*, 173 S.W.3d 534, 554 (Tex. App.–Houston [14th Dist.] 2004, pet. denied) (stating that "[a] trial court can enter a summary judgment only against those claims attacked in a motion for summary judgment") (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993)).

We now turn to appellants' challenge of the summary judgment granted in favor of Dr. Johnson and Complete Medical Care.

## B.    Appellants' Claims Against Dr. Johnson

By their first issue, appellants contend that the trial court erred in granting summary judgment in favor of Dr. Johnson because their summary judgment evidence, including affidavits and deposition testimony attached to their response, raised a genuine issue of material fact, thereby precluding summary judgment. Specifically, appellants argue that the attached affidavits and deposition testimony raised a material fact issue as to their claims of assault against Dr. Johnson.[7]  Appellees counter that appellants' summary judgment evidence is insufficient to raise a material fact issue because appellants failed to specifically designate and reference portions of their deposition testimony they relied upon in their response to appellees' summary judgment motions. Appellees also argue

---

[7] Except for their assault and intentional infliction of emotional distress claims, appellants concede all of their remaining claims against Dr. Johnson.

8

that appellants' summary judgment evidence failed to establish that Dr. Johnson "made physical contact with the Plaintiffs' person" or, in other words, assaulted appellants.

### 1. Applicable Law

"To establish a prima facie claim for civil assault, the plaintiff must establish the same elements required for criminal assault." *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App.–Houston [14th Dist.] 2005, pet. denied) (citing *Moore's Inc. v. Garcia*, 604 S.W.2d 261, 264 (Tex. Civ. App.–Corpus Christi 1980, writ ref'd n.r.e.)). Section 22.01(a)(2)-(3) of the penal code provides that a person commits an assault if he intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative or intentionally or knowingly threatens another with imminent bodily injury. TEX. PENAL CODE ANN. § 22.01(a)(2)-(3) (Vernon Supp. 2009); *see Johnson*, 178 S.W.3d at 240.

### 2. Discussion

In the present case, appellees moved for a no-evidence summary judgment on appellants' assault claims as to Dr. Johnson; therefore, appellants had the burden to provide competent summary judgment evidence raising a material fact issue. *See* TEX. R. CIV. P. 166a(i); *see also Ortega*, 97 S.W.3d at 772. A review of the summary judgment evidence in the record reveals that Gallegos, Ramon, and Salaiz each offered deposition testimony that Dr. Johnson made offensive contact with them. Gallegos testified that Dr. Johnson: (1) tried to grab her on numerous occasions; (2) tried to kiss her and stick his tongue in her ear; (3) grabbed her in the breast area; (4) repeatedly forced her to lean against him; (5) hugged her waist; and (6) played with her hair, all while expressing that he wanted to have sex with her. Ramon stated that Dr. Johnson attempted to grab her every

9

time she walked by him, which occurred many times a day, and made numerous obscene gestures to her with his mouth. Salaiz testified that Dr. Johnson: (1) put his arm around her while he was opening the door to a patient's room; (2) pushed her against the wall and asked, "What do you think I'm going to do to you . . . ."; and (3) grabbed her hand and moved his finger in a circular motion, which she interpreted to mean that he wanted to have sex with her. Gallegos, Ramon, and Salaiz each noted that the contact or attempted contact made by Dr. Johnson was offensive and unwanted. Viewing this evidence in the light most favorable to the non-movant, we cannot say that Dr. Johnson was entitled to a no-evidence summary judgment.

However, in the trial court and on appeal, appellees argued that appellants' summary judgment evidence was insufficient because appellants failed to direct the trial court to portions of their summary judgment evidence that demonstrated that Dr. Johnson assaulted appellants. Relying heavily on the supreme court's decision in *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 81 (Tex. 1989), and the Houston First Court of Appeals' decision in *Guthrie v. Suiter*, 934 S.W.2d 820, 826-27 (Tex. App.–Houston [1st Dist.] 1996, no writ), appellees assert that appellants' failure to offer the trial court specific citations to appellants' deposition testimony in their response to appellees' summary judgment motion rendered appellants' deposition testimony insufficient to raise a material fact issue.[8] We disagree and find the cases cited by appellee to be distinguishable.

---

[8] Appellees cite to numerous other cases in support of their contention that summary judgment was proper because appellants failed to specifically direct the trial court to portions of their summary judgment evidence. However, we do not find any of the cases cited by appellees to be persuasive in this matter because each are either premised on a finding that the underlying summary judgment record is voluminous, which we do not believe is the case here, are unpublished opinions without precedential value, or are inapposite considering the specific circumstances in this case. *See, e.g., Aguilar v. Morales*, 162 S.W.3d 825, 838 (Tex. App.–El Paso 2005, pet. denied); *Shelton v. Sargent*, 144 S.W.3d 113, 120 (Tex. App.–Fort Worth 2004, pet. denied); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.–San Antonio 2003, no pet.); *Boeker v. Syptak*, 916 S.W.2d 59, 61 (Tex. App.–Houston [1st Dist.] 1996, no writ); *see also Duke v. Caterpillar, Inc.*, No. 01-03-00840-CV, 2005 Tex. App. LEXIS 1906, at *3 n.1, **17-18 (Tex. App.–Houston [1st Dist.] Mar. 10, 2005, no pet.) (mem. op.); *Kashif Bros., Inc. v. Diamond Shamrock Ref. & Mktg. Co.*, No. 14-01-00202-CV, 2002 Tex. App. LEXIS 6184, at **7-8 (Tex. App.–Houston [14th Dist.] Aug. 22, 2002, pet. denied) (not designated for publication); *Enercor, Inc. v. Pennzoil Gas Mktg. Co.*, Nos. 01-98-01026-CV, 01-98-01332-CV, 2001 Tex. App. LEXIS 4552, at **30-31 (Tex. App.–Houston [1st Dist.] July 5, 2001, pet. denied) (not designated for publication).

In *Rogers*, the supreme court refused to consider deposition testimony that was used to support a motion for summary judgment but was not made part of the record on appeal and the record did not reflect that it was or could have been considered by the trial court. 772 S.W.2d at 81. The *Rogers* court stated that appellant's summary judgment motion "does no more than refer to whatever may have been 'on file.' Such a general reference to a voluminous record which does not direct the trial court and parties to the evidence on which the movant relies is insufficient." *Id.* As a result, the *Rogers* court concluded that appellant's summary judgment motion could not be sustained on the basis of the referenced deposition. *Id.* Here, appellants are not asserting entitlement to summary judgment; instead, appellants had a summary judgment rendered against them. Texas courts have held for nearly fifty years that the purpose of summary judgment is to eliminate "patently unmeritorious claims or untenable defenses," not to "deprive litigants of their rights to a full hearing on the merits of any real issue of fact." *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *see Clear Creek Basin Auth.*, 589 S.W.2d at 678 n.5; *Taub v. Aquila Sw. Pipeline Corp.*, 93 S.W.3d 451, 462 (Tex. App.–Houston [14th Dist.] 2002, no pet.); *see also Martinez v. Wilson Plaza Assocs., L.P.*, No. 13-02-697-CV, 2004 Tex. App. LEXIS 9804, at *9 (Tex. App.–Corpus Christi Nov. 4, 2004, no pet.) (op. on reh'g). Therefore, it makes sense that the supreme court would hold that a summary judgment movant's failure to specifically reference portions of their summary judgment evidence precludes summary judgment, because in holding otherwise, the non-movant would not have received adequate notice of the movant's reliance on the deposition not contained in the record, and thus, the non-movant would be deprived of their right to a full hearing on the merits.

11

In *Guthrie*, the Houston First Court of Appeals considered a situation where the proponent of the evidence attached a 500-page deposition to his response to a motion for summary judgment. *See Guthrie*, 934 S.W.2d at 825. In his response, the proponent failed to make any reference to the deposition, and the trial court refused to consider the deposition as summary judgment evidence. *See id.* at 826. The court of appeals affirmed the trial court's decision, reasoning that "the trial court should not be compelled to sift through a 500-page deposition to search for evidence supporting the contestants' contentions." *Id.* In arriving at its holding, the court of appeals relied on the Texas Supreme Court's holding in *Rogers* that general references to a voluminous record do not direct trial courts and parties to evidence on which the movant relies. *See* 772 S.W.2d at 81.

In the case at bar, appellants did not attach a "voluminous" record to their response to appellees' summary judgment motions. Appellants' summary judgment evidence was comprised of approximately 185 pages of deposition testimony, which was condensed to thirty-three pages (double-sided) of actual testimony. The testimony itself was rife with accusations of sexual misconduct, harassment, and other indiscretions allegedly committed by Dr. Johnson. A mere cursory review of the deposition testimony would have informed the trial court and appellees of the various allegations of misconduct involving Dr. Johnson; thus, the relevance of the depositions was readily ascertainable. Moreover, appellants' response clearly referenced the deposition testimony, noted that the testimony established questions of fact as to appellants' underlying assault and intentional infliction of emotional distress claims against all defendants, and included affidavits from appellants clearly stating Dr. Johnson's alleged transgressions and how those transgressions caused

12

appellants' injuries.  Therefore, because the record was not voluminous in this case, and because appellants clearly referenced their summary judgment evidence and noted that the summary judgment evidence raised issues of material fact regarding the underlying assault and intentional infliction of emotional distress claims, we do not believe this situation to be akin to the situations in *Rogers* and *Guthrie*.

Appellants cite to the El Paso Court of Appeals' holding in *Barraza v. Eureka Company* and the Austin Court of Appeals' holding in *Hinojosa v. Columbia/St. David's Healthcare System, L.P.* to support their contention that the trial court erred in refusing to consider their deposition testimony and concluding that a material fact issue existed as to their assault claims against Dr. Johnson.  *See Barraza v. Eureka Co.*, 25 S.W.3d 225, 228-29 (Tex. App.–El Paso 2000, pet. denied); *see also Hinojosa v. Columbia/St. David's Healthcare Sys., L.P.*, 106 S.W.3d 380, 387-88 (Tex. App.–Austin 2003, no pet.).

In *Barraza*, the court of appeals addressed a similar issue as in the instant case involving a hybrid motion for summary judgment and a non-movant's response and noted the following:

> Eureka contends that "in order to meet requirements of Rule 166a(d), Texas Courts have consistently held that the party is required to identify the specific evidence in the deposition on which it relies. . . ."  Under Eureka's interpretation of the rule, the trial court can disregard all evidence the proponent does not specifically bring to the attention of the court.  We do not believe this is the meaning of the rule.
>
> Rule 166a(d) provides three methods to present unfiled discovery before the trial court.  First, a party may file the discovery with the trial court.  Second, a party may file an appendix containing the evidence.  Finally, a party may simply file a notice with specific references to the unfiled discovery. *Nowhere does the rule require that the proponent of the evidence provide specific references to the discovery, if the actual documents are before the trial court, in order for the trial court to consider it.*  The Texas Supreme Court has held that the "notice of intent" requirement is fulfilled when the proponent attaches copies of the discovery to its motion and the

13

motion clearly relies on the attached discovery as support. . . .

25 S.W.3d at 228-29 (emphasis added).

In *Hinojosa*, the court of appeals addressed a traditional motion for partial summary judgment granted in favor of a hospital, physician, and the physician's practice group in a situation involving the death of a baby during the labor and delivery process. 106 S.W.3d at 382. Appellants claimed that a material fact issue existed as to their underlying wrongful death and survival statute claims because, among the evidence produced at the summary judgment proceedings, was a death certificate that demonstrated that the baby was born alive and survived for twenty minutes. *Id.* at 384, 386-87. Appellees argued that the death certificate, though attached to appellants' response to appellees' summary judgment motion, was insufficient to raise a fact issue because the response did "not specifically rely on the death certificate's statutory significance." *Id.* at 387. In sustaining appellants' issue and reversing the trial court's summary judgment, the court of appeals noted the following:

> Appellees' position confuses the requirement that all *issues* be raised in a motion before the trial court with an assessment of all the *evidence* produced in the summary-judgment proceedings. An issue is a proposition specifically addressed to the cause of action or claim that, if found to be true, directly requires that summary judgment be either granted or denied. Issues must be set out specifically in a motion, answer, or other response. *Evidence, on the other hand, comprises the documents and other materials included in the record that tend to make the proposition at issue more or less probable. A non-movant need not set out the exact evidence on which it relies or explain with specificity how this evidence supports the issues it raises; summary judgment is not a trial by affidavit or deposition. Evidence need only be referenced or attached in order for a court to consider it.*

*Id.* at 387-88 (emphasis added and citations omitted).

In this case, we agree with the proposition that rule 166a(d) only required appellants to reference evidence attached to their response to the summary judgment, especially considering appellants' summary judgment evidence is not voluminous. *See Barraza*, 25

14

S.W.3d at 228-29; *see also Hinojosa*, 106 S.W.3d at 387-88. As previously noted, appellants' response clearly referenced the deposition testimony of Gallegos, Ramon, and Salaiz as evidence raising a fact issue and precluding summary judgment as to whether Dr. Johnson assaulted appellants, and the trial court indicated in its summary judgment order that it considered appellants' response. Furthermore, in reviewing appellants' deposition testimony, we find numerous factual allegations of assault against Dr. Johnson that would defeat appellees' summary judgment motion; it is clear to us that the trial court granted appellees' summary judgment motion as to appellants' assault claims merely because appellants did not include specific references to the summary judgment evidence that were to the trial court's liking. We do not believe that appellants should be deprived of their right to a full hearing on the merits of their case based on a technicality given that the underlying summary judgment record is not voluminous. We conclude that appellants' deposition testimony was properly before the trial court and effectively raised a material fact issue precluding summary judgment as to appellants' assault claims against Dr. Johnson. *See* TEX. R. CIV. P. 166a(i); *see also Ortega*, 97 S.W.3d at 772. Therefore, we further conclude that the trial court erred in granting summary judgment in favor of appellees as to appellants' assault claims against Dr. Johnson. *See* TEX. R. CIV. P. 166a(i); *see also Ortega*, 97 S.W.3d at 772. Accordingly, we sustain appellants' first issue as it pertains to appellants' claims of assault against Dr. Johnson.

## C. Appellants' Claims against Complete Medical Care

Also in their first issue, appellants argue that the deposition testimony of Gallegos, Ramon, and Salaiz raise a fact issue as to their claims against Complete Medical Care for retaliation, aiding or abetting discrimination, sex discrimination, assault under the doctrine

15

of respondeat superior, and negligent supervision.[9]  Appellees assert that appellants'
summary judgment evidence did not raise a material fact issue precluding summary
judgment.

### 1.    Complete Medical Care's Liability for Assault

In their first amended petition, appellants asserted an assault claim against
Complete Medical Care under an agency theory.  Appellees, in their no-evidence summary
judgment motion, argued that the record contains "no evidence that any of the Defendants
made physical contact with the Plaintiffs' person."  The supreme court has noted the
following regarding an employer's liability for assaults committed by its employees:

> Generally, a master is vicariously liable for the torts of its servants committed
> in the course and scope of their employment.  *See Houston Transit Co. v.
> Felder*, 146 Tex. 428, 208 S.W.2d 880, 881 (1948).  While we have stated
> that "it is not ordinarily within the scope of a servant's authority to commit an
> assault on a third person," *see Tex. & Pac. Ry. Co. v. Hagenloh*, 151 Tex.
> 191, 247 S.W.2d 236, 239 (1952), exceptions may exist where the assault,
> although not specifically authorized by the employer, is closely connected
> with the servant's authorized duties, such as where a security guard uses
> more force than is necessary in protecting the employer's property.  *Id.*

*Medina v. Herrera*, 927 S.W.2d 597, 601 (Tex. 1996).  "An employee's tortious conduct is

---

[9] In reviewing the pleadings, we find that appellants did not plead a cause of action for aiding or abetting discrimination, and appellants' claims for retaliation and sex discrimination were brought under the Texas Commission on Human Rights Act ("TCHRA").  *See* TEX. LABOR CODE ANN. §§ 21.051, 21.055 (Vernon 2006).  With respect to the purported "aiding and abetting discrimination" claim, we note that Texas courts have held that the purpose of pleadings is to give an adversary notice of claims and defenses, as well as notice of the relief sought.  *Herrington v. Sandcastle Condo. Ass'n*, 222 S.W.3d 99, 102 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000); *Perez v. Briercroft Serv. Corp.*, 809 S.W.2d 216, 218 (Tex. 1991)).  In addition, a trial court cannot enter judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent.  *Id.* (citing TEX. R. CIV. P. 301; *Miller v. Towne Servs., Inc.*, 665 S.W.2d 143, 147 (Tex. App.–Houston [1st Dist.] 1983, no writ)).  The doctrine of implied consent is intended to cover the "exceptional case" in which the record as a whole clearly shows the parties tried the unpleaded issue.  *Id.* (citing *Greene v. Young*, 174 S.W.3d 291, 301 (Tex. App.–Houston [1st Dist.] 2005, pet. denied)).  The record before us indicates that the "aiding and abetting discrimination" issue was first raised in appellees' motions for summary judgment.  Appellants did not even address this claim in their response.  Therefore, we cannot say that the record reflects that the parties tried the unpleaded "aiding and abetting discrimination" issue by consent.  As such, we need not address this claim.  With respect to appellants' remaining retaliation and sex discrimination claims that were properly pleaded, we will discuss them later in this opinion.  *See infra* Part (C)(3).

within the scope of employment when that conduct is of the same general nature as that authorized or incidental to the conduct authorized." *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 494 (Tex. App.–Fort Worth 2002, no pet.) "If the act is done within the general authority of the employee, an employer is liable for the acts of his employee, even if the act is contrary to express orders." *Id.*

It is well-settled that an employer generally cannot be held vicariously liable for the intentional torts of assault or battery perpetrated by an employee because such acts are not typically within the course and scope of an employee's authority or employment. *Id.*; *see Andrews v. Houston Lighting & Power*, 820 S.W.2d 411, 413 (Tex. App.–Houston [14th Dist.] 1991, writ denied) ("Therefore, an employer is not liable for actions that an employee takes in his own interest and not to further the purpose of carrying out the master's business."); *see also Viking v. Circle K Convenience Stores, Inc.*, 742 S.W.2d 732, 734 (Tex. App.–Houston [1st Dist.] 1987, writ denied) ("It is not within the scope of a servant's authority to commit an assault, which is generally an expression of personal animosity."). However, "[i]ntentional torts committed in the accomplishment of a duty entrusted to the employee, rather than because of personal animosity, may render the employer liable." *Wrenn*, 73 S.W.3d at 494; *see GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999) (holding an employer vicariously liable for regular and daily pattern of verbal abuse, humiliation, and terror by supervisor as "management style").

The record reflects that Dr. Johnson is the co-owner[10] of Complete Medical Care and seems to suggest that he exercised some supervisory authority over appellants' work. Appellants offered deposition testimony that Dr. Johnson regularly harassed them,

---

[10] The other co-owner of Complete Medical Care is Orel Michael Everett, M.D. He is not a party to this appeal.

inappropriately touched them, and expressed his desire to have sex with them during an ordinary business day at the office. Appellant allege that Dr. Johnson engaged in these actions within the scope of his position as appellants' supervisor. Furthermore, Gallegos, Ramon, and Salaiz each testified that Dr. Johnson was present at their interviews and was the individual who had hired them and directed their job duties.

The supreme court has held that businesses may be liable for damages for torts committed by vice-principals. *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 391-92 (Tex. 1997); *see Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 406 (1934), *disapproved in part on other grounds by Wright v. Gifford-Hill & Co.*, 725 S.W.2d 712, 714 (Tex. 1987) (holding that when action taken by a vice-principal of a corporation, those acts may be deemed to be the acts of the corporation itself). A vice-principal "represents the corporation in its corporate capacity, and includes persons who have authority to employ, direct, and dischage servants of the master, and those to whom a master has confided the management of the whole or a department or division of his business." *Bruce*, 998 S.W.2d at 618 (citing *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 922 (Tex. 1998)). At the very least, appellants' summary judgment evidence raises a material fact issue as to whether: (1) Dr. Johnson's alleged conduct was committed in the accomplishment of a duty entrusted to him or because of personal animosity; or (2) Dr. Johnson, as co-owner of Complete Medical Care, was a vice-principal and, therefore, liability for his actions was imputed to the business. We therefore conclude that the trial court erred in granting summary judgment as to appellants' claims against Complete Medical Care for assault under agency theory.

### 2.    Negligent Supervision

18

In their first amended petition, appellants also raised a claim for negligent supervision against Complete Medical Care. In their no-evidence motion for summary judgment, appellees alleged that the record contains no evidence that Complete Medical Care failed to supervise its employees. However, appellants did not even reference their negligent supervision claim in their response to appellees' no-evidence motion for summary judgment, much less assert that their summary judgment evidence raised a material fact issue as to their negligent supervision claim. As noted earlier, appellants were required to specifically set out their issues in their response. *See Hinojosa*, 106 S.W.3d at 387 (stating that an issue "is a proposition specifically addressed to a cause of action or claim that, if found to be true, directly required that summary judgment be either granted or denied" and that "[i]ssues must be set out specifically in a motion, answer, or other response"). By their failing to do so, we cannot say that the trial court erred in granting summary judgment as to appellants' negligent supervision claim.

Based on the foregoing, we sustain appellants' first issue as it pertains to their assault claim against Complete Medical Care; we overrule appellants' first issue as it relates to appellants' negligent supervision claim against Complete Medical Care.

D.    **Appellants' Claims Brought Under the Texas Commission on Human Rights Act ("TCHRA")**

By their second issue, appellants contend that the trial court erred in granting summary judgment as to their retaliation and sex discrimination claims that were brought under the TCHRA. In particular, appellants argue that the trial court erred in concluding that they failed to exhaust their administrative remedies as to these claims. Appellees assert that appellants did not properly exhaust their administrative remedies before filing suit on their TCHRA claims; therefore, the trial court did not err in granting summary

19

judgment.

### 1.    The TCHRA

The TCHRA prohibits an employer from discharging or in any other way discriminating against an employee because of the employee's race, color, disability, religion, sex, national origin, or age. TEX. LAB. CODE ANN. § 21.051. Specifically, section 21.051 of the labor code provides the following:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

*Id.* The TCHRA also prohibits employers from retaliating or discriminating against an employee who: "(1) opposes discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." *Id.* § 21.055. Because one of the purposes of the TCHRA is to correlate state law with federal law with respect to employment discrimination, we may look to federal law in interpreting provisions of the TCHRA. *See id.* § 21.001 (Vernon 2006); *see also M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000); *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999).

### 2.    Discussion

Appellees contended in their traditional motion for summary judgment that appellants failed to exhaust their administrative remedies with respect to their TCHRA

claims. Specifically, appellees argued that the trial court lacked subject-matter jurisdiction because appellees filed suit before filing a complaint or charge of discrimination with the proper commission. *See* TEX. LABOR CODE ANN. § 21.201. In support of their motion, appellees attached: (1) appellants' first amended petition, which was filed on June 21, 2004; (2) Gallegos's charge of discrimination filed with the CCHRC and the EEOC on January 24, 2004; (3) Ramon's charge of discrimination filed with the CCHRC and the EEOC on January 24, 2004; and (4) Salaiz's charge of discrimination filed with the CCHRC and the EEOC on February 11, 2004. On appeal, appellees direct us to appellants' original petition filed on December 12, 2003, to support their contention that appellants improperly filed suit before filing their administrative complaint or exhausting their administrative remedies. Moreover, appellees argued in their summary judgment motion and on appeal that appellants' failure to obtain a right-to-sue letter from the CCHRC and the EEOC constitutes a failure to exhaust their administrative remedies.

Before filing suit against an employer in state court, an employee must exhaust his or her administrative remedies by first filing a complaint with the Texas Commission on Human Rights (the "Commission") within 180 days of the alleged discriminatory act. *See* TEX. LABOR CODE ANN. § 21.202(a); *see also Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991); *Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 700 (Tex. App.–Waco 2002, pet. withdrawn).[11] In order to comply with the exhaustion requirement,

---

[11] The Waco Court of Appeals in *Vela v. Waco Independent School District* stated that:

[E]xhaustion of the administrative review system outlined above is a mandatory prerequisite to filing a civil action alleging violations of the [T]CHRA. The Court stated that the [T]CHRA does not provide an 'unconditional private right of action.' Therefore, a complainant's failure to file a complaint and pursue his administrative remedies with the Commission creates a jurisdictional bar to his statutory discrimination claim. The Supreme Court's decision in *Schroeder* suggests that the legislature intended for the [T]CHRA to be the exclusive forum for the resolution of an employee's discrimination claim.

69 S.W.3d 695, 700 (Tex. App.–Waco 2002, pet. withdrawn) (citations omitted).

21

an employee must: (1) file a complaint with the Commission within 180 days of the alleged discriminatory act; (2) allow the Commission to dismiss the complaint or resolve the complaint within 180 days before filing suit; and (3) file suit no later than two years after the complaint is filed. *See* TEX. LABOR CODE ANN. §§ 21.201-.202, 21.208, 21.256 (Vernon 2006).

The exhaustion requirement is satisfied when appellant is entitled to receive a right-to-sue letter. *See Rice v. Russell-Stanley, L.P.,* 131 S.W.3d 512, 510, 512 (Tex. App.–Waco 2004, pet. denied) (stating that the "right-to-sue letter is merely notice of the exhaustion of remedies and does not constitute part of actually exhausting administrative remedies" and "mere possession of a right-to-sue letter is not mandatory before filing suit" and holding that "it is the entitlement to the right-to-sue letter that exhausts the complainant's administrative remedies"); *City of Houston v. Fletcher*, 63 S.W.3d 920, 923 (Tex. App.–Houston [14th Dist.] 2002, no pet.) (same); *see also Bernard v. Browning-Ferris Servs., Inc.*, No. 01-92-00134-CV, 1994 Tex. App. LEXIS 2541, at *8 (Tex. App.–Houston [1st Dist.] Oct. 20, 1994, no writ) (op. on reh'g) (not designated for publication) (same) (citing *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091,1093 (4th Cir. 1982)). "A plaintiff is entitled to a right-to-sue letter by the mere passage of 180 days after filing a timely, sworn, written complaint with the Commission." *Fletcher*, 63 S.W.3d at 923 (citing TEX. LABOR CODE ANN. § 21.208).

In the present case, appellants noted in their administrative complaints that they took issue with the facts surrounding their constructive discharge occurring on or about October 17, 2003. Thus, appellants timely filed their complaints within 180 days of the alleged discriminatory act. *See id.* § 21.202(a); *Rice*, 131 S.W.3d at 513; *Schroeder*, 813

22

S.W.2d at 485-86; *see also Donna Indep. Sch. Dist. v. Rodriguez*, No. 13-09-00185-CV, 2009 Tex. App. LEXIS 7324, at **8-9 (Tex. App.–Corpus Christi Sept. 17, 2009, no pet.) (mem. op.) ("When a charge is timely filed as to one act of discrimination, the 'continuing violation' doctrine expands the scope of those discriminatory events that are actionable, as long as one of the events occurs within the 180-day period.") (citing *Wal-Mart Stores v. Davis*, 979 S.W.2d 30, 41 (Tex. App.–Austin 1998, pet. denied); *Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1560-61 (5th Cir. 1985)).  However, the crux of this issue is the impact of appellants' December 12, 2003 original petition, which was filed more than a month before appellants filed their administrative complaints.

Because the supreme court has held that a complainant under the TCHRA may not file suit until they have exhausted their administrative remedies or, in other words, satisfied the mandatory and jurisdictional statutory prerequisites, we conclude that appellants' action of filing their lawsuit before filing their complaints with the appropriate commission deprived the trial court of subject-matter jurisdiction over their TCHRA claims.[12]  *See Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 446 (Tex. 2004) ("The [T]CHRA further establishes a comprehensive administrative review system, under which the exhaustion of administrative remedies is a mandatory prerequisite to filing a civil action alleging violations of the [T]CHRA.") (internal quotations omitted); *Schroeder*, 813 S.W.2d at 486 (holding that "failing to comply [with the statutory prerequisites of the TCHRA] deprives the court of subject[-]matter jurisdiction"); *see also Del Mar College Dist. v. Vela*, 218 S.W.3d 856, 860 (Tex. App.–Corpus Christi 2007, no pet.); *Vela*, 69 S.W.3d at 700.  Further, because the supreme court has held that "[t]he absence of subject-matter jurisdiction may

---

[12] Appellants have not cited to, nor are we aware of, authority allowing a complainant under the TCHRA to file their lawsuit before filing their complaint and exhausting their administrative remedies.

be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment," *see Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000), we conclude that the trial court did not err in granting appellees' traditional motion for summary judgment as to appellants' TCHRA claims. Accordingly, we overrule appellants' second issue.

## IV. CONCLUSION

In sum, we affirm summary judgment as to appellants' claims against "Defendants/Appellees Tone Johnson [Jr.] M.D., P.A.[;] Bay Area Care Center, Inc.[;] Medifast Weight Reduction Center[;] Corpus Christi Regional Center for Addictions, Inc.[;] Corpus Christi Bay Management Group, Inc.[;] and Coastal Cities, Inc." We also affirm summary judgment as to appellants' negligent supervision claims against Complete Medical Care and appellants' TCHRA claims. We reverse the trial court's judgment as to appellants' claims for assault against Dr. Johnson and Complete Medical Care and intentional infliction of emotional distress against Dr. Johnson and Complete Medical Care and remand for proceedings consistent with this opinion.

ROGELIO VALDEZ
Chief Justice

Delivered and filed the
25th day of February, 2010.

24